IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

v.

**RUFFINO COLON, JR.**

: **CRIMINAL NO. 1:02-0261-04**

## **M E M O R A N D U M**

Before the court is Petitioner Ruffino Colon, Jr.'s motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 346.) Petitioner's sole argument is that counsel for his sentencing proceedings was ineffective for failing to file an appeal as requested by Petitioner. The court reviews Petitioner's claim under the two-part standard set forth in *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984), namely whether the counsel's performance was objectively unreasonable and whether the counsel's errors were prejudicial to the defendant. After holding a hearing on the issues presented by Petitioner, the court concludes, for the reasons laid out below, that defense counsel's performance was not deficient, but even if it was, Petitioner did not experience any prejudice. Accordingly, the court will deny Petitioner's motion.

**I.        Background**

On October 23, 2002, Petitioner was indicted for distribution or possession with intent to distribute heroin and for his alleged involvement in a

conspiracy to do the same. On February 6, 2003, Petitioner pleaded guilty to the distribution or possession with intent to distribute charge. Sometime thereafter, a Pre-Sentence Report was prepared, and Defendant's counsel, David T. Kluz, met with Petitioner to discuss it.

The sentencing range set forth in the Pre-Sentence Report was higher than Petitioner expected. Mr. Kluz explained to Petitioner that the higher range was due to the fact that Petitioner had been classified as a career offender. Petitioner, however, disputed that one of the two felonies that contributed to his career offender designation, a charge of reckless endangering, was in fact a felony. Petitioner had pleaded guilty to a misdemeanor for reckless endangering in state court, and although he served less than a year in jail, he faced up to 23 months for the offense. Mr. Kluz explained to Petitioner that the potential punishment controlled whether an offense qualified as a felony and that a state misdemeanor could count as a felony. Nonetheless, Petitioner continued to request Mr. Kluz to object to the career offender classification.

Petitioner was sentenced to 108 months on November 13, 2003. At the sentencing, Mr. Kluz raised an objection to Petitioner's career offender status, which was denied by the court. After the proceeding, Petitioner and Mr. Kluz went to Mr. Kluz's office. Petitioner was still upset that he had been given career offender status. Both Mr. Kluz and Petitioner agree that an appeal was discussed; however, they dispute whether Petitioner ever specifically asked Mr. Kluz to appeal. Mr. Kluz testified that he presented the down sides of an appeal to Petitioner and that he believed Petitioner decided not to appeal based on this information. Petitioner, on the other hand, alleges that he distinctly recalls asking Mr. Kluz to file an appeal.

Regardless, at the end of the meeting, Petitioner assumed that Mr. Kluz would appeal, and Mr. Kluz assumed that Petitioner did not want to appeal. Mr. Kluz did not document the decision one way or the other, and Petitioner conceded that he did not reiterate his request just before leaving the office.

Following Petitioner and Mr. Kluz's discussion on November 13, 2003, Mr. Kluz sent a follow-up letter to Petitioner. The letter did not mention an appeal, and Petitioner did not inquire with Mr. Kluz about this omission. Later, Petitioner contacted Mr. Kluz about extending his date of voluntary surrender. Petitioner did not ask Mr. Kluz whether he had filed an appeal during this conversation.

On November 11, 2004, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. A hearing was held on February 24, 2005. Petitioner's motion is now ripe for disposition.

**II.** **Legal Standard: 28 U.S.C. § 2255**

Habeas relief under § 2255 is available to "prisoner[s] in custody under sentence of a court established by Act of Congress" when (1) the sentence was imposed in violation of the Constitution or the laws of the United States, (2) the court did not have jurisdiction to impose the sentence, (3) the sentence was greater than the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. If the reviewing court determines that any of these errors tainted the sentence imposed, the court must vacate and set aside the judgment. *Id*. Additionally, the court has discretion to discharge or resentence the prisoner as well as to grant a new trial or correct the sentence. *Id*.

The relief afforded by § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)). The remedy is intended only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Cleary*, 46 F.3d 307, 310-11 (3d Cir. 1995).

**III.     Discussion**

Petitioner argues that his § 2255 motion should be granted because Mr. Kluz violated his constitutional right to effective assistance of counsel. Specifically, Petitioner asserts that Mr. Kluz failed to file an appeal regarding his career offender status despite Petitioner's request to do so. Because the court finds that Petitioner failed to establish both prongs of the *Strickland* standard, the court will deny Petitioner's motion.

**A.     *Strickland***

Under the Sixth Amendment, criminal defendants are guaranteed the right to effective assistance of counsel in all proceedings. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). Legal claims governing the ineffective assistance of counsel are governed by the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668 (1984). " 'An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense.' " *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 687). To establish deficient performance, a petitioner must

demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.  As with all applications of the *Strickland* test, "the question whether a given Defendant has made the requisite showing will turn on the facts of a particular case." *Roe v. Flores-Ortega,* 528 U.S. 470, 485 (2000).

### B. Prong One: Counsel's Performance

In evaluating an attorney's performance, the court notes that "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Strickland*, 466 U.S. at 688-89.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689.  However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Petitioner's counsel at the February 24, 2005 hearing framed the issue in this matter as one of credibility.  The court agrees.  Petitioner asserts that he requested Mr. Kluz to appeal his sentence in no uncertain terms.  Mr. Kluz alleges that although Petitioner inquired about an appeal, he never specifically requested one.

Upon review of the evidence presented at the hearing, the court concludes that, while it is a close call, Mr. Kluz's conduct did not fall below an objectively reasonable standard. Following the imposition of Petitioner's sentence, Petitioner continued to dispute his career offender classification. Petitioner then discussed the possibility of an appeal with Mr. Kluz, and Mr. Kluz explained the potential down sides to filing an appeal. Mr. Kluz testified that he believed this explanation put the issue to rest. The court finds his testimony convincing, especially in light of the subsequent events. Petitioner did not reiterate his request before leaving the office. Mr. Kluz sent Petitioner a follow-up letter that did not mention an appeal, and Petitioner failed to pursue the matter with Mr. Kluz. Finally, Petitioner contacted Mr. Kluz later about his voluntary surrender date, but again did not inquire as to whether Mr. Kluz had filed an appeal. Because Petitioner never mentioned an appeal after Mr. Kluz presented the down sides, the court finds Mr. Kluz's belief that the matter had been dropped to be reasonable.

The court realizes that Petitioner is not a sophisticated party and that a communication barrier most likely existed between Mr. Kluz and him. The court also recognizes that Mr. Kluz should have known that Petitioner was very interested in filing an appeal because he firmly believed, albeit incorrectly, that he was improperly designated a career offender. For these reasons, the court faults Mr. Kluz for not reducing his understanding of Petitioner's decision to writing. Mr. Kluz's oversight in this regard, however, does not fall below an objectively reasonable standard. As stated above, Petitioner's conduct following Mr. Kluz's explanation of the potential detriments to filing an appeal lends support to his belief that Petitioner had decided

not to appeal.  In short, the court finds that Mr. Kluz's conduct was objectively reasonable.

### C.     Prong Two: Prejudice

Even if Mr. Kluz's performance was deficient, the court concludes that Petitioner would not be able to establish prejudice.  As stated above, in order to demonstrate prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Because Petitioner was correctly classified as a career offender, an appeal on this issue would not have reasonably been likely to produce a result in Petitioner's favor.

A defendant is a career offender if, among other things, he or she "has at least two prior felony convictions of either a crime of violence or a controlled substance." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2002).[1]  Whether a prior conviction qualifies as a felony is determined by the "offense statutory maximum." *Id*. § 4B1.1(b).  The "offense statutory maximum" is "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance." *Id*. § 4B1.1, app. n.2.

Petitioner only disputes one of his two prior felonies, a conviction for reckless endangering.  Even though Petitioner served less than a year for this crime, he does not challenge that he faced 23 months.  Thus, his "statutory maximum offense" was defined by this "maximum term of imprisonment." *Id*.  In short, Petitioner's classification as a career offender was justified, and Petitioner would not

---

[1] The court relies on the 2002 edition of the Guidelines because that is the version used to compile Petitioner's Pre-Sentence Report.

have been likely to receive a favorable determination on appeal even if Mr. Kluz's conduct was deficient.  Because Petitioner fails to demonstrate prejudice, the court will deny his motion under § 2255.

## IV.        Conclusion

In accordance with the foregoing, the court will deny Petitioner's motion under § 2255.  An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  April 25, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:02-0261-04**
:
:
**v.** :
:
:
**RUFFINO COLON, JR.** :
:

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Petitioner Ruffino Colon, Jr.'s motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 346) is **DENIED**.

2) The Clerk of Court is directed to close the case file.

3) The court declines to issue a certificate of appealability.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated:  April 25, 2005.